## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

MARY BLEICK, TODD BUTLER, ALLEN SKIERSKI,
and GARY PETRIME, Individually
and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

v.

SHERYL MAXFIELD, in her official capacity as Director of Commerce,
AKIL HARDY, in his official capacity as Superintendent of the Division of
Unclaimed Funds, ROBERT SPRAGUE, in his official capacity as Treasurer of
the State of Ohio, and JOY BLEDSOE, in her official capacity as Executive
Director of the Ohio Facilities Construction Commission,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Ohio, Eastern Division, 2:25-cv-01140-EAS-EPD,
The Honorable Judge Edmund A. Sargus

## APPELLANTS' MOTION TO EXPEDITE APPEAL
## PURSUANT TO 6 CIR. R. 27(f)

*Attorneys for Plaintiffs-Appellants*

William W. Palmer, Esq.
Palmer Law Group, a PLC
907 Westwood Boulevard, No. 218
Los Angeles, CA 90024
Telephone: (310) 984-5074
Facsimile: (310) 491-0919
Email: wpalmer@palmercorp.com

Marc E. Dann
Jeffrey A. Crossman
Andrew M. Engel
Brian Flick
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
Email: notices@dannlaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................IV

INTRODUCTION ..............................................................................................1

QUESTIONS PRESENTED..................................................................................1

STATEMENT OF THE CASE................................................................................2

STATEMENT OF FACTS ....................................................................................3

STANDARD OF REVIEW ...................................................................................6

SUMMARY OF ARGUMENT................................................................................7

ARGUMENT ....................................................................................................9

1.  THIS APPEAL WILL BECOME MOOT WITHOUT EXPEDITED
    REVIEW. .............................................................................................9

    A.  Mootness Standards in Preliminary Injunction Appeals. .....................9

    B.  Permanent Escheatment Will Render Status Quo Restoration
        Impossible. .......................................................................................10

    C.  Equitable Mootness as an Instructive Analogy. .................................11

    D.  Magnitude of Funds Underscores Urgency. .......................................12

2.  THIS APPEAL PRESENTS SUBSTANTIAL CONSTITUTIONAL
    QUESTIONS WARRANTING EXPEDITED CONSIDERATION .............13

    A.  Due Process Questions Regarding Notice Requirements. ...................13

    B.  Takings Clause Questions. .................................................................15

    C.  Irreparable Harm from Constitutional Violations. .............................16

3.  THE BALANCE OF HARMS AND PUBLIC INTEREST STRONGLY
    FAVOR EXPEDITED CONSIDERATION ................................................17

    A.  Appellants Face Irreparable Harm Without Expedited Review. .........17

B.     Appellees Will Not Be Substantially Harmed by Expedition. ............18

C.     The Public Interest Strongly Favors Expedition. ...............................19

D.     Judicial Economy Favors Expedition..................................................19

CONCLUSION ........................................................................................................20

CERTIFICATE OF SERVICE ................................................................................21

# TABLE OF AUTHORITIES

## UNITED STATES CONSTITUTION

Fourteenth Amendment........................................................................18

## CASES

*Basicomputer Corp. v. Scott*,
    973 F.2d 507, 511 (6th Cir. 1992).......................................................13

*Barr v. Purkey*,
    140 S. Ct. 2594, 2597 (2020).............................................................12

*Brown v. Legal Found.*,
    538 U.S. 216, 231 (2003)...................................................................16

*Carras v. Williams*,
    807 F.2d 1286 (6th Cir. 1986)........................................................6, 10

*Cerajeski v. Zoeller*,
    735 F.3d 577, 583 (7th Cir. 2013).......................................................15

*City of Covington v. Covington Landing Ltd. P'ship*,
    71 F.3d 1221, 1225 (6th Cir. 1995)....................................................11

*Coal. to Defend Affirmative Action v. Granholm*,
    473 F.3d 237, 244 (6th Cir. 2006)........................................................6

*Curreys of Neb., Inc. v. United Producers, Inc.* (*In re United Producers, Inc.*),
    526 F.3d 942, 947-48 (6th Cir. 2008) ...........................................11, 12

*First Floor Living LLC 22-3216 v. City of Cleveland*,
    83 F.4th 445, 455 (6th Cir. 2023).......................................................14

*Garza v. Woods*,
    150 F.4th 118, 1127 (9th Cir. 2025) ...................................................15

*Jones v. Flowers*,
    547 U.S. 220 (2006)............................................................... 5, 8, 14

*Knellinger v. Young*,
134 F.4th 1034, 1045 (10th Cir. 2025)...............................................................16

*Knick v. Twp. of Scott*,
139 S. Ct. 2162 (2019)....................................................... 1, 3, 5, 8, 15, 18

*Laborers' Int'l Union, Local 860 v. Neff*,
29 F.4th 325, 335 (6th Cir. 2022)................................................ 15, 18

*Mac Panel Co. v. Va. Panel Corp.*,
283 F.3d 622, 625 (4th Cir. 2002).........................................................15

*Maron v. Chief Fin. Officer of Fla.*,
No. 23-13178, 2025 U.S. App. LEXIS 11971, at *11-12 (11th Cir. May 16,
2025) ...........................................................................................................15

*Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*,
945 F.2d 150, 153 (6th Cir. 1991).............................................................6

*Ming Kuo Yang v. City of Wyo.*,
793 F.3d 599, 602 (6th Cir. 2015)................................................ 13, 14

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950)............................................... 5, 8, 10, 14, 17

*Ne. Ohio Coal. for the Homeless v. Blackwell*,
467 F.3d 999 (6th Cir. 2006)....................................................................19

*Nken v. Holder*,
556 U.S. 418, 420 (2009)..........................................................................19

*Noem v. Doe*,
145 S. Ct. 1524, 1526 (2025).....................................................................19

*Resurrection Sch. v. Hertel*,
35 F.4th 524, 528 (6th Cir. 2022).............................................................12

*Ruckelshaus v. Monsanto Co.*,
463 U.S. 1315, 1316 (1983).......................................................................12

*S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*,
860 F.3d 844 (6th Cir. 2017)........................................... 6, 13, 17, 18

*Taylor v. Chiang*,
2007 WL 1628050 (E.D. Cal. June 1, 2007) ........................................................7

*Taylor v. Westley*,
488 F.3d 1197 (9th Cir. 2007) ....................................................................7, 15

*Taylor v. Yee*,
577 U.S. 1178 (2016) ................................................................................ 14, 17

## FEDERAL STATUTES AND REGULATIONS

### United States Code

Fed. R. App. Proc. 2 ...................................................................................1

Sixth Circuit Rule 27(f) ...............................................................................1

## OHIO STATUTES AND REGULATIONS

Chapter 169, *et seq* ................................................................................2, 3

House Bill 96 ..........................................................................................2, 3

**INTRODUCTION**

Plaintiffs-Appellants Mary Bleick, Todd Butler, Allen Skierski, and Gary Petrime (collectively, "Appellants") bring this action on behalf of themselves, and all others similarly situated (the putative "Class") jointly move the Court under Federal Rules of Appellate Procedure Rule 2 and Sixth Circuit Rule 27(f) for an order expediting this appeal.

**QUESTIONS PRESENTED**

1.     Whether this appeal from the denial of a preliminary injunction and temporary restraining order should be expedited when the challenged government action - the permanent escheatment of $1.4 Billion in private unclaimed funds to build a private football stadium - is scheduled to occur on January 1, 2026, less than one month after the District Court's order.

2.     Whether expedited consideration is warranted where the appeal presents substantial constitutional questions regarding the Takings Clause and Due Process requirements for the "permanent escheatment" of private property without individualized notice to the owners of the property who never received constitutional notice and Due Process when their private property was first taken.

3.     Whether the District Court's application of *Knick v. Township of Scott, Pa.*, 588 U.S. 180 (2019) ("*Knick*") to deny prospective injunctive relief presents a

substantial question of law that requires expedited review before seized $1.4 Billion is transferred and disrupted the challenged government.

## STATEMENT OF THE CASE

This case challenges amendment to House Bill ("HB") 96 to Ohio's unclaimed funds trust, which is codified in the Ohio Revised Code Chapter 169, *et seq*., ("UFTF") that unclaimed private property held in trust will permanently escheat approximately $1.4 Billion in unclaimed funds to the state on January 1, 2026, and immediately redirect those private funds to finance a Cleveland Browns private stadium project. Appellants filed their class action complaint on October 2, 2025, alleging that these amendments violate the Takings Clause and Due Process Clause of the U.S. Constitution, as well as provisions of the Ohio Constitution.

On October 31, 2025, Appellants moved for a preliminary injunction and temporary restraining order to prevent the transfer of those funds from the UFTF scheduled to begin on January 1, 2026. Defendants-Appellees Sheryl Maxfield, in her official capacity as Director of Commerce at the Department of Commerce of the State of Ohio ("Director"), Akil Hardy, in his official capacity as the Superintendent of the Ohio Division and Trustees of the Unclaimed Funds, Robert Sprague, in his official capacity as Treasurer of the State of Ohio, and Joy Bledose, in her official capacity as Executive Director of the Ohio Facilities Construction Commission (collectively, "Appellees") opposed the motion, arguing that

prospective injunctive relief was unavailable under *Knick* and that Appellants failed to establish irreparable harm.

The District Court held a hearing on Appellants' motion on December 8, 2025. On December 9, 2025, the District Court issued an opinion and order denying Appellants' Motion for Preliminary Injunction and Temporary Restraining Order ("TRO"). The District Court concluded that while Appellants had standing and their claims were ripe, they failed to establish irreparable harm because monetary damages would be an adequate remedy under *Knick*. Appellants immediately filed a timely notice of appeal on December 11, 2025.

## STATEMENT OF FACTS

Ohio's UFTF is governed by Chapter 169, *et seq.*, of the Ohio Revised Code. The statute requires certain funds, including bank account funds, certificates of deposit, insurance proceeds, dividends, rent deposits, and other accounts, to be deposited into the UFTF if they have been dormant for a statutorily prescribed period of time.

On June 30, 2025, Governor DeWine signed HB 96, Ohio's biennial budget bill, which enacted significant changes to Chapter 169. Prior to these amendments, there was no time limitation on when owners could file administrative claims to recover unclaimed funds. Under the amended version HB 96, funds held in the

UFTF for ten years or more are now deemed abandoned and permanently escheat to the state of Ohio.

Specifically, funds deposited before January 1, 2016, will escheat on January 1, 2026, and funds deposited after January 1, 2016, will escheat after ten years. However, the private $1.4 Billion in private funds representing these owners' property will be immediately transferred out of the Trust and into a new fund where it will be spent as revenue. Before funds escheat to the state, an owner may file a claim to recover them and, upon showing a right to payment, the Director of Commerce shall pay the owner. In addition, owners may file claims to recover unclaimed funds until January 1, 2036, even if their funds escheat to the state before that date.

Currently, there is over $4 billion in the UFTF, and the portion of funds scheduled to escheat on January 1, 2026, is estimated to be approximately $1.4 Billion. The escheated funds are to be transferred to the Ohio Cultural and Sports Facility Performance Grant Fund. In fiscal year 2026, $1,000,000,000 is appropriated from revenues received in this fund, with $600,000,000 designated to support construction of a transformational major sports facility mixed-use project that is associated with a Brook Park economic development project (the privately owned Cleveland Browns stadium) and $400,000,000 to support construction or

renovation of a private sports facility – specifically, a new stadium for the Cleveland Browns football team.

Appellants are individuals with funds in the UFTF who allege that the amendments to Chapter 169 violate the Takings Clause and Due Process Clause of the U.S. Constitution. They contend that property owners do not receive constitutional notice and Due Process as required by the United States Constitution. *See Jones v. Flowers*, 547 U.S. 220 (2006) ("*Jones*") and *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ("*Mullane*"). Appellants further contend that the state's plan to permanently escheat unclaimed funds without individualized notice to the "lost" and "unknown" private property owners and to redirect those funds to finance a private football stadium constitute an unconstitutional taking without just compensation and violate due process requirements.

During the December 8, 2025 hearing, Appellants showed the Court that the property owners who are beneficiaries of the Trust never received any Constitutional notice. Appellants produced evidence of falsified addresses such as "Tokyo, Ohio," "Munich, Ohio," or "Hong Kong, Ohio," etc. And Appellees concede that these beneficiaries will receive no notice of the second transfer of private funds. The District Court denied Appellants' preliminary injunction, concluding that they failed to establish irreparable harm because monetary damages would be an adequate remedy under *Knick*. The Court determined that "the existence of irreparable injury

is 'mandatory' and 'indispensable' when it comes to obtaining a preliminary injunction," and that Appellants had "not established that they will suffer irreparable harm without their requested injunction."

## STANDARD OF REVIEW

This Court reviews a District Court's denial of a preliminary injunction for abuse of discretion. *See  S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844 (6th Cir. 2017).  A District Court abuses its discretion if it "relied on clearly erroneous findings of fact, improperly applied the law, or uses an erroneous legal standard." *Id.* at 849.

When evaluating a motion to expedite an appeal, this Court considers factors similar to those for preliminary injunctive relief: (1) likelihood of success on the merits; (2) irreparable harm absent expedition; (3) harm to other parties; and (4) the public interest. *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006); *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

The Court places particular emphasis on whether the appeal involves time-sensitive matters that could render the appeal moot if not decided quickly. *See Carras v. Williams*, 807 F.2d 1286 (6th Cir. 1986).  Appellants seek to enjoin (1) the ongoing unnoticed property seizure program; and (2) the second unnoticed property transfer that will take place on the New Year's Holiday, January 1, 2026.

# SUMMARY OF ARGUMENT

This appeal warrants expedited consideration because it presents an urgent constitutional challenge to Ohio's amendments to its UFTF that will permanently escheat the private property to the state on January 1, 2026. Without expedited review, this appeal will become moot, depriving Appellants of meaningful judicial review of their substantial constitutional claims.

First, the appeal will become moot without expedited consideration because the permanent escheatment of unclaimed funds on January 1, 2026, will irreversibly alter the status quo. Once these funds are transferred to the Ohio Cultural and Sports Facility Performance Grant Fund and committed to the Cleveland Browns' private stadium project, the Court's ability to provide meaningful relief will be severely compromised, if not eliminated entirely. The unnoticed seizure and permanent destruction of private property like stocks and contents of safe deposit boxes is ongoing. *See Taylor v. Westly*, 488 F.3d 1197 (9th Cir. 2007) ("*Taylor II*") (the federal District Court (Hon. William B. Shubb) explained, when entering the injunction, that "[w]hen [the government] takes custody of property pursuant to the [unclaimed property law], even temporarily, certain rights associated with ownership are lost which are not compensable in money damages." *Taylor v. Chiang*, 2007 WL 1628050, *2 (E.D. Cal. June 1, 2007). The Sixth Circuit recognizes a critical distinction between mootness as to a preliminary-injunction appeal and mootness as

to the case as a whole, and without expedited review, this appeal will proceed past the January 1, 2026 deadline when the permanent escheatment occurs, thus eliminating any practical effect the Court's decision could have.

Second, this appeal presents substantial constitutional questions that warrant expedited consideration. The District Court's application of *Knick* to deny prospective injunctive relief raises important questions about whether a statutory scheme that permanently extinguishes private property rights without individualized notice can be adequately remedied through post-deprivation compensation. This appeal also presents significant questions about whether Ohio's notice provisions for its ongoing escheatment program and the newly legislated permanent escheatment satisfy constitutional due process requirements under *Mullane*, 339 U.S. 306, *supra* and *Jones*, 547 U.S. 220, *supra*, and whether the transfer of escheated funds to a private stadium project satisfies the public use requirement of the Takings Clause.

Third, the balance of harms and public interest strongly favor expedited consideration. Appellants face irreparable harm through the permanent loss of their property rights on January 1, 2026, while Appellees would experience minimal burden from expedition. Appellants ask only that other obvious constitutional issues receive federal review <u>before</u> the private funds are transferred and spent. The state has operated under the existing custodial framework for unclaimed funds for decades, and a brief continuation of that status quo while this appeal is expedited

would not cause substantial harm.  The public interest in protecting constitutional property rights and promoting judicial economy further supports expedition.

For these reasons, this Court should grant this Motion to Expedite this appeal to prevent it from becoming moot and to ensure that the substantial constitutional questions presented receive meaningful judicial review before the January 1, 2026 deadline renders effective relief impossible.

**ARGUMENT**

## 1.   THIS APPEAL WILL BECOME MOOT WITHOUT EXPEDITED REVIEW

### A.   <u>Mootness Standards in Preliminary Injunction Appeals</u>

The Sixth Circuit recognizes a critical distinction "between mootness as to a preliminary-injunction appeal and mootness as to the case as a whole." *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022).  This distinction is fundamental to understanding why expedited review is necessary in this case.  The purpose of a preliminary injunction is "to prevent any violation of the plaintiff's rights before the District Court enters a final judgment."  *Id*.  Therefore, whether a preliminary injunction appeal is moot depends on whether the Court's decision would have any "practical effect" during the window of time before final judgment.  *Id*.

Without expedited review, this appeal will proceed past January 1, 2026, when the permanent escheatment occurs, thus eliminating any practical effect the Court's

decision could have on preventing the violation of Appellants' rights before final judgment. The Court's ability to preserve the status quo - the very purpose of preliminary injunctive relief - will be lost.

### B. Permanent Escheatment Will Render Status Quo Restoration Impossible

The permanent escheatment scheduled for January 1, 2026 is less than one month after the District Court's order and creates an imminent threat to the Appellants' ability to obtain meaningful relief. Courts recognize that "mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d at 1289, *supra*. Appellants contend that the ongoing escheatment process continues on an ongoing daily basis to provide *Mullane*-style Constitutional notice before private property is seized. Once the private funds are transferred to the Ohio Cultural and Sports Facility Performance Grant Fund and commitments are made for the Cleveland Browns' stadium project, the Court will be unable to restore the status quo ante.

The Sixth Circuit has recognized that some controversies "grow beyond the remedial powers of a court." *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002) ("*Mac Panel*"). This is "particularly true when a party, seeking a return to the status quo ante, sits idly by and permits intervening events to extinguish old rights and create new ones." *Id*. Without expedited review, Appellants will be

forced to sit idly by as the January 1, 2026 deadline passes and the funds are permanently escheated.

## C.    <u>Equitable Mootness as an Instructive Analogy</u>

The doctrine of equitable mootness provides a helpful analogy for understanding why this appeal requires expedited review.  Equitable mootness is "a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *Mac Panel*, 283 F.3d 622, *supra*.  This principle recognizes that some controversies "are not amenable to judicial resolution, and some grow beyond the remedial powers of a court." *Id*.

The Sixth Circuit has adopted a three-part test for determining whether an appeal should be dismissed as equitably moot: "(1) whether a stay has been obtained; (2) whether the plan has been substantially consummated; and (3) whether the relief requested would affect either the rights of parties not before the Court or the success of the plan." *Curreys of Neb., Inc. v. United Producers*, *Inc.* (*In re United Producers, Inc.*), 526 F.3d 942, 947-48 (6th Cir. 2008); *City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1225 (6th Cir. 1995). Applying these factors by analogy, it becomes clear that without expedited review, this appeal will become equitably moot once the funds are escheated and transferred on January 1, 2026.

First, without expedited review, Appellants will effectively be denied the opportunity to obtain a stay before the permanent escheatment and dissipation of the private funds occurs. Second, once the funds are transferred and commitments are made for the private stadium project, the plan will be "substantially consummated." *Curreys of Neb., Inc. v. United Producers, Inc. (In re United Producers, Inc.)*, 526 F.3d 942, 944, *supra.* Third, any relief granted after January 1, 2026, would significantly affect both the rights of third parties who have relied on the availability of these funds and the success of the stadium project.

### D.   <u>Magnitude of Funds Underscores Urgency</u>

The sheer magnitude of the funds at issue - approximately $1.4 Billion - underscores the urgency of expedited review. This is not a case involving a nominal sum that could be easily repaid if Appellants ultimately prevail. Rather, it involves billions of dollars that, once transferred and committed, will be practically impossible to recover.

Courts recognize that a stay pending appeal is available "only under extraordinary circumstances." *Barr v. Purkey*, 140 S. Ct. 2594, 2597 (2020); *Ruckelshaus* v. *Monsanto Co.*, 463 U.S. 1315, 1316 (1983). The imminent permanent escheatment of $1.4 Billion in unclaimed funds, to be used for purposes unrelated to their original owners, surely constitutes such extraordinary circumstances.

Even if the Court were to ultimately rule in Appellants' favor after January 1, 2026, it would be impossible to recover funds that have already been transferred, allocated, and spent on construction projects. The public will be misled to rely on this transfer and discussions are ongoing to dismantle the old stadium. As the Sixth Circuit has recognized, an injury is irreparable if "the nature of the plaintiff's loss would make damages difficult to calculate." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing C*o., 860 F.3d at 852, *supra*; *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). The complexity of unwinding transactions involving billions of dollars of private funds, potentially across multiple entities and construction contracts, would make damages exceedingly difficult, if not impossible, to calculate.

## 2. THIS APPEAL PRESENTS SUBSTANTIAL CONSTITUTIONAL QUESTIONS WARRANTING EXPEDITED CONSIDERATION

### A. Due Process Questions Regarding Notice Requirements

This appeal presents substantial questions about whether Ohio's notice provisions for permanent escheatment satisfy constitutional requirements. The Supreme Court has established that before a state may deprive an individual of property, the Due Process Clause requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Ming Kuo Yang v. City of*

*Wyo.*, 793 F.3d 599, 602 (6th Cir. 2015) ("*Ming Kuo Yang*"); *Jones*, 547 U.S. 220, *supra*; *Mullane*, 339 U.S. 306, *supra*. This standard requires that notice be provided through means that "one desirous of actually informing the absentee might reasonably adopt." *Id*.

The Supreme Court has further clarified that while "actual notice is not required before the government may take property," the government must provide notice that is "reasonably calculated" to reach the property owner. *Jones*, 547 U.S. 220, *supra*; *First Floor Living LLC 22-3216 v. City of Cleveland*, 83 F.4th 445, 455 (6th Cir. 2023). This constitutional requirement is particularly important in the context of escheatment, where the Supreme Court has recognized that "the Due Process Clause requires States to give adequate notice before seizing private property." In *Taylor v. Yee*, 577 U.S. 1178 (2016), Justices Thomas and Alito remind us of this constitutional necessity.

Ohio's amendments raise novel and substantial questions about whether a statutory scheme that seize private property on an ongoing basis without prior notice and then permanently extinguishes property rights once again without individualized notice satisfies these constitutional requirements. The district court's failure to address these due process concerns warrants expedited review.

**B.** **Takings Clause Questions**

The District Court's application of *Knick* to deny prospective injunctive relief presents substantial constitutional questions that merit expedited consideration. While *Knick* held that so "long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking," *Laborers' Int'l Union, Local 860 v. Neff*, 29 F.4th 325, 335 (6th Cir. 2022), this principle assumes a lawful taking for public use with adequate procedural protections. *See Taylor II*, 488 F.3d 1197, *supra* (injunction issued on unnoticed escheatment seizures); *see also Garza v. Woods*, 150 F.4th 118, 1127 (9th Cir. 2025) ("To accept Defendants' argument would turn the analysis into a circular mess. Plaintiffs would be required to allege a deprivation of their property interest in preventing a deprivation of their property. Unsurprisingly, Defendants cite no caselaw supporting this approach"); *Maron v. Chief Fin. Officer of Fla.,* No. 23-13178, 2025 U.S. App. LEXIS 11971, at *11-12 (11th Cir. May 16, 2025) ( "[t]he Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner"); *Cerajeski v. Zoeller*, 735 F.3d 577, 583 (7th Cir. 2013) ("The perversity of the state's position lies in the fact that unclaimed property acts are primarily designed not to enrich the state directly but to 'return' the unclaimed property to the stream of commerce," [citation omitted] and to protect property owners against what's known

as "lucrative silence"); *Knellinger v. Young*, 134 F.4th 1034, 1045 (10th Cir. 2025) ("[I]f Colorado wishes to avoid defending against § 1983 suits for unclaimed property, it may always decide voluntarily to revise its laws or practices with respect to unclaimed property.")

The Fifth Amendment imposes two conditions on the government's authority to take private property: "the taking must be for a 'public use' and 'just compensation' must be paid to the owner." *Brown v. Legal Found.*, 538 U.S. 216, 231 (2003). This appeal raises substantial questions about whether the transfer of escheated funds to a private stadium project satisfies the "public use" requirement of the Takings Clause.

Moreover, the District Court's reasoning fails to distinguish between compensable takings (where monetary damages might be adequate) and permanent extinguishment of property rights without constitutionally required notice (where the constitutional injury is the deprivation of process itself). This distinction is critical because the Supreme Court has recognized that certain constitutional injuries cannot be adequately remedied through post-deprivation compensation.

## C.  **Irreparable Harm from Constitutional Violations**

The District Court's conclusion that Appellants failed to establish irreparable harm because monetary damages would be an adequate remedy misunderstands the nature of constitutional injuries. Appellants showed that unnoticed property seizures

are ongoing and that the transfer and expenditure of the bulk of the UFTF is imminent and permanent. The Sixth Circuit has recognized that an injury is irreparable if it is not "fully compensable by monetary damages," *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844 at 852, *supra*, which includes situations where "the nature of the plaintiff's loss would make damages difficult to calculate." *Id*.

Constitutional violations, particularly those involving due process, often constitute irreparable harm because the injury is the deprivation of process itself, not merely the loss of property. As the Supreme Court explained in *Mullane*, the Due Process Clause requires "notice and opportunity for hearing appropriate to the nature of the case" before the government may seize private property. *Mullane*, 339 U.S. at 313, *supra*; *Taylor v. Yee*, 136 S. Ct. 929, *supra*. When this constitutional right is violated, the injury cannot be fully remedied through post-deprivation compensation.

## 3.  THE BALANCE OF HARMS AND PUBLIC INTEREST STRONGLY FAVOR EXPEDITED CONSIDERATION

### A.  <u>Appellants Face Irreparable Harm Without Expedited Review</u>

Appellants face irreparable harm if this appeal is not expedited because the seizure process is ongoing and threatens other property and they will permanently lose their property rights when the unclaimed funds escheat to the state on January

1, 2026.  An injury is considered irreparable if it is not "fully compensable by monetary damages."  *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co*., 860 F.3d at 852, *supra*.  While the District Court concluded that monetary damages would be an adequate remedy under *Knick*, this conclusion warrants immediate appellate review.

The Supreme Court following *Knick* stated that so "long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin the government's action effecting a taking."  *Laborers' Int'l Union, Local 860 v. Neff*, 29 F.4th 325, *supra*.  However, this case presents unique Circumstances where the very nature of the taking - permanent escheatment of funds - may render traditional compensation remedies inadequate.  The right to property is a fundamental right protected by the Fourteenth Amendment, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. 14.

### B.    <u>Appellees Will Not Be Substantially Harmed by Expedition</u>

Expediting this appeal would impose minimal administrative burden on Appellees.  Ohio has operated under the existing custodial framework for unclaimed funds for decades, and a brief continuation of that status quo while the appeal is expedited would not cause substantial harm.  The Sixth Circuit has recognized that when evaluating harm to other parties, Courts must balance this factor against the

potential irreparable harm to the moving party.  *See Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999 (6th Cir. 2006).

### C.    <u>The Public Interest Strongly Favors Expedition</u>

The public interest strongly favors expedited consideration of this appeal to ensure that constitutional protections for property rights are upheld before irreversible government action occurs.  Where, as here, the government is a party, "the balance-of-the-equities and public-interest factors merge."  *Noem v. Doe*, 145 S. Ct. 1524, 1526 (2025), *Nken v. Holder*, 556 U.S. 418, 420 (2009).  This principle supports expedition in this case because the government's interest in adhering to constitutional requirements aligns with the public interest in ensuring that property rights receive adequate protection.

### D.    <u>Judicial Economy Favors Expedition</u>

The Sixth Circuit has recognized that preliminary injunction appeals can become moot when the underlying issues are resolved before appellate review.  *Resurrection Sch. v. Hertel*, 35 F.4th 524, *supra*.  Here, if this appeal is not expedited, the permanent escheatment of funds on January 1, 2026, could potentially render Appellants' appeal moot, depriving Appellants of meaningful judicial review of their constitutional claims.

# CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court grant their motion to expedite this appeal.

The parties have met and conferred and jointly propose the following expedited briefing schedule: (1) Appellants' Opening Brief to be filed on December 16, 2025; (2) Appellees' Answering Brief to be filed on December 22, 2025; (3) Appellants' Reply Brief to be filed on December 26, 2025; and oral argument to be scheduled at the earliest available date following completion of briefing.

December 13, 2025

Respectfully submitted,

*/s/ Marc E. Dann*
Marc E. Dann
Jeffrey A. Crossman
Andrew M. Engel
Brian Flick
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0539
Email: notices@dannlaw.com

William W. Palmer, Esq.
Palmer Law Group, a PLC
2443 Fair Oaks Boulevard, No. 545
Sacramento, CA 95825
Telephone: (916) 972-0761
Email: WPalmer@Palmercorp.com

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on December 13, 2025.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

December 13, 2025                         */s/ Marc E. Dann*