No. 25-3978

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

MARY BLEICK; TODD BUTLER; ALLEN SKIERSKI; GARY PETRIME,
*Plaintiffs-Appellants*,

v.

SHERYL MAXFIELD, IN HER OFFICIAL CAPACITY AS DIRECTOR OF COMMERCE; AKIL HARDY, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE DIVISION OF UNCLAIMED FUNDS; ROBERT SPRAGUE, IN HIS OFFICIAL CAPACITY AS TREASURER OF THE STATE OF OHIO; AND JOY BLEDSOE, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE OHIO FACILITIES CONSTRUCTION COMMISSION,
*Defendants-Appellees*.

Appeal from the United States District Court for the
Southern District of Ohio
Case No. 2:25-cv-01140

## APPELLEES' RESPONSE TO APPELLANTS' MOTION TO EXPEDITE APPEAL

Pursuant to Rule 27(a)(3)(A) of the Federal Rules of Appellate Procedure, Defendants-Appellees Sheryl Maxfield (in her official capacity as Director of Commerce), Akil Hardy (in his official capacity as Superintendent of the Division of Unclaimed Funds), Robert Sprague (in his official capacity as Treasurer of the State of Ohio), and Joy Bledsoe

(in her official capacity as Executive Director of the Ohio Facilities Construction Commission) (collectively, the "Ohio Agency Appellees") respectfully submit this Response to Appellants' Motion to Expedite Appeal (the "Motion to Expedite," 6th Cir. Doc. 2). The Ohio Agency Appellees file this Response to make four points:

    1. ***The Motion to Expedite is replete with legal and factual misstatements and mischaracterizations. It also is an improper attempt to argue the merits in a motion, rather than in an appellate brief.*** Because motion practice is not the proper vehicle to address the merits, the Ohio Agency Appellees will respond to Appellants' numerous misstatements in the context of forthcoming merits briefing. At this juncture, however, they ask this Court to limit its consideration of the Motion to Expedite to the narrow question of whether this appeal should be considered on an expedited basis.

    2. ***Appellants incorrectly represent to the Court that the parties "jointly propose" that oral argument "be scheduled at the earliest available date following completion of briefing."*** (6th Cir. Doc. 2, Page ID# 26 (emphasis added).) In the meet and confer before they filed the Motion to Expedite, Appellants never asked the Ohio Agency

2

Appellees for their position on oral argument. The Ohio Agency Appellees do not believe oral argument will be necessary when this Court addresses the merits; if anything, it will only delay this appeal's resolution.

As the District Court explained, the law precluding Appellants' request for injunctive relief is well-settled and set forth in numerous binding decisions from the United States Supreme Court and the Sixth Circuit. In considering Appellants' motion giving rise to this appeal, the District Court held an all-day hearing, which included witness testimony and oral argument. (*See* S.D. Ohio Doc. 43, Page ID# 458.) When it considers the merits of this appeal, this Court will have at its disposal all the trial court briefing, the 199-page trial court transcript, the District Court's well-reasoned opinion, and the appellate briefs that will be submitted. The Ohio Agency Appellees do not believe further oral argument will be necessary or warranted.[1]

### *Nonetheless:*

3. The Ohio Agency Appellees ***do not oppose*** Appellants' request for expedited briefing; and

---

[1] Of course, if the Court believes oral argument is necessary to its resolution of this appeal, the Ohio Agency Appellees will participate in that oral argument on whatever timeline the Court deems appropriate.

4. They ***do not oppose*** the briefing schedule set forth in the Conclusion of the Motion to Expedite (6th Cir. Doc. 2, Page ID# 26).

          Respectfully submitted,

          /s/ *Aneca E. Lasley*
          Aneca E. Lasley
           *Lead Counsel*
          ICE MILLER LLP
          250 West Street, Suite 700
          Columbus, Ohio 43215-7509
          (614) 462-1085
          Aneca.Lasley@icemiller.com

          Joshua A. Klarfeld
          ICE MILLER LLP
          600 Superior Avenue East, Suite 1600
          Cleveland, OH 44114
          (216) 394-5063
          Joshua.Klarfeld@icemiller.com

          *Counsel for Defendants-Appellees*

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(A)**

1. This Response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and the Certificate of Compliance Requirement of Fed. R. App. P. 32(g)(1) because it is a "paper submitted under" Rule 27(d)(2)(A) and contains 781 words.

2. This Response complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this Response has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14-point Century Schoolbook font.

Date: December 15, 2025

/s/ *Aneca E. Lasley*
Aneca E. Lasley

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Aneca E. Lasley*
Aneca E. Lasley