<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 25-3978

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 8, 2026
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| MARY BLEICK, ET AL., | ) |
| | ) |
|     Plaintiffs-Appellants, | ) |
| | ) |
| v. | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR |
| SHERYL MAXFIELD, ET AL., | )   THE SOUTHERN DISTRICT OF |
| | )   OHIO |
|     Defendants-Appellees. | ) |

O R D E R

Before: BOGGS, SILER, and KETHLEDGE, Circuit Judges.

Plaintiffs Mary Bleick, Todd Butler, Allen Skierski, and Gary Petrime seek an injunction to prevent the transfer of funds from Ohio's Unclaimed Funds Trust Fund while they challenge the district court's denial of a preliminary injunction. *See* Fed. R. App. P. 8. Defendants Sheryl Maxfield, Director of Commerce; Akil Hardy, Superintendent of the Division of Unclaimed Funds; Robert Sprague, Treasurer of the State of Ohio; and Joy Bledsoe, Executive Director of the Ohio Facilities Construction Commission, oppose the motion.

Ohio's Unclaimed Funds statute requires certain funds—including bank accounts, certificates of deposit, insurance proceeds, dividends, rent deposits, and other accounts—that have been dormant for a prescribed period to be deposited into Ohio's Unclaimed Funds Trust Fund. Ohio Rev. Code §§ 169.02, 169.05. In June 2025, Governor Mike DeWine signed Ohio's biennial budget bill, House Bill 96, which amended the Unclaimed Funds statute to provide that funds held in the Trust Fund for ten years or more shall escheat to the state. Ohio Rev. Code § 169.08(I). Funds deposited before January 1, 2016, would escheat on January 1, 2026; funds deposited after

January 1, 2016, would escheat ten years after deposit. Even after escheat, however, owners "may file a claim for payment of an equivalent amount" of the escheated funds "at any time on or before January 1, 2036." Ohio Rev. Code § 169.08(I)(3)(b). The Trust Fund currently holds more than $4 billion, of which $1.7 to $1.9 billion was scheduled to escheat on January 1, 2026.

Plaintiffs allege that they own funds held in the Trust Fund. In October 2025, they sued, alleging that the amendment violates the Takings Clause of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and various Ohio laws. They sought a preliminary injunction to prevent the transfer of funds to the state. The district court denied relief, reasoning that injunctive relief as to takings claims is unavailable when property owners have a remedy of just compensation. *See Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 201 (2019). Plaintiffs appealed on an expedited basis, and now seek an injunction pending appeal.

Plaintiffs' motion fails for several reasons. Two suffice here. First, though Plaintiffs sought a preliminary injunction in the district court, they failed to seek an injunction pending appeal in the district court before seeking one here, nor did they explain why doing so would have been impracticable. *See* Fed. R. App. P. 8(a)(1)(C); *see also Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002). Second, Plaintiffs have not even remotely shown that they face irreparable harm absent an injunction. *See Knick*, 588 U.S. at 201; *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020). Meanwhile, the Unclaimed Funds statute allows owners to recover the equivalent value of escheated funds until January 1, 2036. Plaintiffs' motion is meritless.

We **DENY** the motion for injunction pending appeal and **DENY AS MOOT** the motion for leave to file amended reply.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk